IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE KERN, | : | 3:20-cv-53 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | Hon. Martin C. Carlson |
| | : | |
| GRACE RAMOS, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER

**December 15, 2020**

**AND NOW**, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 30), recommending that Defendant Monroe County's partial motion to dismiss (Doc. 9) be granted to the extent that it seeks dismissal of institutional punitive damage and official capacity claims under §1983; dismissal of state law negligence claims against institutional or official capacity Defendants; and requests dismissal of the Monroe County Correctional Facility (MCCF) as an institutional Defendant, and further recommending that the PrimeCare Defendants' motion to dismiss (Doc. 13), be granted to the extent that the Plaintiff seeks to maintain claims against the PrimeCare Defendants in their official capacities, but denied in all other respects, and noting that the PrimeCare Defendants filed partial objections to the report

1

(Docs. 31 and 32),[1] and the Court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court further finding parties' objections to be without merit,[2]

**IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 40) is **ADOPTED** in its entirety.

2. Defendant Monroe County's partial motion to dismiss (Doc. 9) is **GRANTED** to the following extent:

    a. the institutional punitive damage and official capacity claims under §1983 are **DISMISSED.**

    b. the state law negligence claims against institutional or official capacity Defendants are **DISMISSED.**

    c. Monroe County Correctional Facility (MCCF) is **DISMISSED** as an institutional Defendant.

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id.* (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

[2] We disagree with the PrimeCare Defendants' contention that the Plaintiff's complaint lacks sufficient factual allegations to overcome their motion to dismiss. We find, as did Magistrate Judge Carlson, that the Plaintiff's pleading is sufficient to state an Eighth Amendment deliberate indifference claim against the PrimeCare Defendants in their individual capacities.

3. Defendant PrimeCare's motion to dismiss (Doc. 13) is **GRANTED** with respect to Plaintiff's official capacity claims against the PrimeCare Defendants but denied in all other respects.

4. This matter is **REMANDED** to Magistrate Judge Carlson for all further pretrial management.

s/ John E. Jones III
John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania